## CHRISTIANSON v. WESTERN PACIFIC PACKING CO.

No. 13876.

District Court, W. D. Washington, N. D.

Sept. 8, 1938.

438

Wm. P. Lord, of Portland, Or., for libelant.

Kerr, McCord & Carey, Stephen V. Carey, and Roy E. Bigham, all of Seattle, Wash., for respondent.

BOWEN, District Judge.

Libelant, employed by the American Can Company to service fish canning machines sold by the Can Company to respondent, fell through a partially open hatch on the floating cannery barge of respondent in British Columbia waters while in transit to the fish canning grounds in Alaska, and sustain-

ed the alleged personal injuries, for which this action was brought approximately two years and seven months after the accident.

The primary issue to be determined is whether the action is barred by statute or laches. Respondent contends that libelant, although employed and paid by the Can Company, bore to respondent the relation of a loaned servant and that the 2-year limitation of the Jones Act, 45 U.S.C.A. § 56, for bringing suit applies and bars this action. That contention is denied by libelant who further claims that he at all times remained in the exclusive employ of the Can Company and bore no employment relation to respondent and that the general 3-year state statute of limitations applies by analogy and makes timely the commencement of this action.

Libelant was employed and paid by the Can Company to and did service and supervise the servicing of the machines during the fishing season and made periodic work reports to that company, and reported this accident to that company, and not to respondent. A new type of machine was being used with which ordinary mechanics were not familiar. Respondent having purchased or leased the machines from the Can Company requested that company to provide a skilled mechanic to service them. Libelant thereupon was assigned by the Can Company to that job. He had been a regular salaried employee of the Can Company at Portland for several years and was selected to do this particular work for which the Can Company paid him his regular salary and paid for or provided his traveling and living expenses from Portland to Seattle, from Seattle to the fishing grounds, and from the fishing grounds to Seattle and Portland, paid libelant's current expenses on and about the job, and paid for his keep for 18 days while he was in Seattle before starting on the trip to the fishing grounds. His work included not only servicing the machines in operation at the fishing grounds, but also supervising their stowage on the barge for the trip North and keeping them from shifting and becoming damaged during that trip. In his work he was not under the supervision or direction of respondent's cannery superintendent or any one else, but respondent's cannery employees were available to assist libelant in his work, as needed.

Whether libelant under the above arrangement became a loaned servant of respondent or remained in the exclusive employ of his regular employer, the American Can Company, depends not only upon whose work was being done by libelant but also upon who authoritatively directed and controlled the doing by libelant of the work assigned to him. Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480.

Although the machine servicing work was for the ultimate benefit of respondent, the Can Company upon respondent's request furnished libelant, a skilled mechanic, to do that work according to libelant's own discretion and without any supervision, direction or control on the part of respondent or its agents. Since respondent did not employ or pay libelant and did not direct or control libelant in his doing of the work, and the American Can Company did employ and pay libelant who was left to do the work in the latter's discretion, and since libelant made work reports to his employer, the Can Company, concerning the work the latter employed him to do, reported the accident only to the Can Company, and did not assent to a change of employers, the service done by libelant was in reality the work of the Can Company and no change in libelant's masters was effected. Libelant, in contemplation of law, continued at all times in the service of the Can Company and did not become a loaned servant of respondent.

In view of the fact that no relationship of employer and employee existed between respondent and libelant, the Jones Act does not apply as between them, nor does the 2-year limitation of the Jones Act for bringing suit operate as a bar to this action. The accident happened in British Columbia, not in United States, waters, and for that reason the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C.A. § 901 et seq., cannot apply.

There remains the further question of whether the action is barred by laches. Tort actions like this may be brought in the state courts of Washington within three years. 2 Rem.Rev.St. of Wash., Sec. 159, subd. 2. In the absence of a showing of "exceptional circumstances", a court of admiralty in determining the question of laches will, in maritime tort cases, be governed "by analogy" by the state statute of limitations. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200. Here, no hardship appears to have been caused respondent by lapse of time. The action is not barred by laches.

Libelant's passage on the floating cannery barge of respondent from Seattle to and from the fishing grounds was arranged for between the American Can Company and respondent. Before breakfast of the morning of the accident on May 22, 1934, when libelant was on that passage going North, he went down to see how the machines were riding and while walking along the gangway he fell into the partially open hatch. The night before when he went down there for the same purpose the hatch covers were all on. At the time of the accident there were no lights or guards of any kind around the hatch and it was dark around the hatch space because the sides of the barge were boarded up. Nobody warned him about the hatch covers being off. Libelant fell down into the hatch a distance of 10 or 12 feet, whereby he alleges he sustained the injuries complained of.

Notwithstanding his fall he continued with his work wearing adhesive tape plasters around his back and hips most of the time during the remainder of the season. He arrived back in Seattle about August 23, 1934, and resumed his regular work at the Can Company's plant in Portland on September 15th, after spending most of the time between August 23rd and September 15th in bed at home and going to the doctor. Since that time, he claims to have had to quit several jobs because the work proved to be too heavy for the strength of his back; that he never had any trouble with his back before the accident; that for a long time after the accident he went to see a doctor from time to time, every 2½ months or so; that he experiences and has experienced intense pain in his left hip and near the end of the spinal column; that he had an attack of that pain the last time 7 or 8 weeks before the trial; but that he is now regularly employed by General Iron and Steel Works of Portland. The proof does not convince the court that libelant has lost any substantial time from his work, nor that he has incurred great expense, on account of his injuries.

Respondent owed to libelant a duty no less than is ordinarily owed to a business invitee. The barge's partially open hatch into which libelant fell was, under the circumstances, a hidden trap, the presence of which was unknown to libelant. It was clearly negligence for the respondent to suffer the existence of such a trap. There is no evidence of lack of due and proper care on the part of libelant for his own safety. Respondent is liable for libelant's injuries proximately resulting from his falling down into the hatch.

The court is of the opinion and decides that by reason of his injuries sustained as disclosed by the credible evidence libelant has been damaged in the sum of $1000.00, for which sum he is entitled to judgment against the respondent.

Findings of fact, conclusions of law and decree may be settled upon notice or stipulation.